IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEMARCUS WILSON §<br>§<br>Petitioner, §<br>§<br>VS. §<br>§ NO. 3-09-CV-0396-L<br>NATHANIEL QUARTERMAN, Director §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division §<br>§<br>Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Demarcus Wilson, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 2005, petitioner pled guilty to aggravated robbery without a plea agreement. A jury assessed punishment at 20 years confinement. His conviction and sentence were affirmed on direct appeal. *Wilson v. State*, No. 05-06-00069-CR, 2006 WL 3594200 (Tex. App.--Dallas, Dec. 12, 2006, pet. ref'd). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Wilson*, WR-70,831-01 (Tex. Crim. App. Dec. 3, 2008). Petitioner then filed this action in federal district court.

II.

Petitioner challenges his guilty plea and resulting sentence on three broad grounds: (1) his plea was induced by assurances from counsel that the jury would give him probation; (2) his attorney

failed to file a motion to suppress a videotape of the robbery and did not adequately investigate the facts of the case; and (3) the trial court interfered with his attorney's closing argument at the punishment phase of the trial.

Respondent has filed a preliminary response which suggests that this case may be time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner was invited to address the limitations issue in a written reply, but failed to do so. The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and

exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 20 years in prison for aggravated robbery. The court of appeals affirmed his conviction on December 12, 2006. A petition for discretionary review was refused by the Texas Court of Criminal Appeals on April 4, 2007. Therefore, petitioner's conviction became final 90 days thereafter on July 3, 2007, when the deadline for filing a petition for writ of certiorari expired. *See* S.Ct. R. 13.1 (90-day deadline for filing petition for writ of certiorari); *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires). Petitioner filed an application for state post-conviction relief on April 23, 2008. The application was denied on December 3, 2008. Petitioner filed this action in federal court on March 3, 2009.[1]

The AEDPA statute of limitations started to run on July 3, 2007, when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). This period was tolled from April 23, 2008 to December 3, 2008, a total of 224 days, while a properly filed application for state post-conviction relief was pending. Even allowing for this tolling period, petitioner waited more than one year before seeking federal habeas relief. No explanation has been offered to justify this delay. Consequently, this case is time-barred and should be dismissed.

---

[1] Petitioner did not date his application for writ of habeas corpus or execute the verification stating when he delivered the writ to prison authorities for mailing. In addition, the postmark on the envelope containing the writ indicates that it was mailed from Balch Springs, Texas, not from Dilley, Texas, where petitioner is incarcerated. Because petitioner did not deliver his writ to prison authorities for mailing, but instead had an intermediary mail the pleading on his behalf, he is not entitled to rely on the prison mailbox rule. *See Puckett v. Quarterman*, No. 3-07-CV-1713-O, 2008 WL 857198 at *1 n.2 (N.D. Tex. Mar. 31, 2008), *appeal dism'd*, No. 08-10339 (5th Cir. Sept. 18, 2008). The court therefore deems the writ filed on the date it was received and filed by the clerk. *See Cousin v. Lensing*, 310 F.3d 843, 846-47 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 2277 (2003), *citing* Rules Governing Section 2254 Cases, Rule 3.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 11, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE